TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00144-CR







Little Abe Hill, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 463130, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING






PER CURIAM


 A jury found appellant Little Abe Hill guilty of burglary of a coin-operated machine. See
Tex. Penal Code Ann. § 30.03 (West 1994). The trial court assessed appellant's punishment at 180 days
in jail. By three points of error, appellant complains that (1) the trial court abused its discretion by limiting
jury voir dire and (2) the evidence is legally and factually insufficient to support his conviction. We will
affirm the trial-court judgment.


Facts


 Due to several nighttime break-ins that were occurring in a pattern at the Crystal Clean Car
Wash in Austin, the owners decided to hide in an equipment room at the car wash and watch their property
through a multi-camera "split-view" video monitor in hopes of catching the burglars. On August 12, 1996,
just before 4:00 a.m., the owners observed a brown Oldsmobile Cutlass enter the car wash bay adjacent
to the equipment room and several coin-operated machines. The driver maneuvered the car into a position
so that an open driver's side door would shield a crouched individual from the view of anyone driving down
the street.

 Appellant emerged from the passenger side of the car and the driver got out leaving the
driver's side door open and blocking the view from the street. One of the two men removed a crow bar
from the car and pried open the coin-operated towel machine. The coin tray fell out and dropped to the
ground. The owners came out of the equipment room, one carrying a gun and the other a baseball bat. 
The owners had the two men lie face down on the ground and had a female who was sitting in the back
seat of the car get out and lie face down on the ground as well. One of the owners called the police who
arrived and arrested appellant and his two companions. At the time of appellant's arrest, he had over nine
dollars in quarters in his pockets. One coin machine was damaged and there were quarters on the ground
around the machine. 


Voir Dire


 By point of error one, appellant contends that the trial court abused its discretion by
terminating voir dire and refusing to permit his attorney to question venire members about their
understanding of "attempt."

 The trial court excused several venire members for cause after which only eleven venire
members remained for voir dire. The trial court directed the parties to proceed on the chance of either a
duplicate peremptory strike or the willingness of one of the parties to give up a peremptory strike. In her
voir dire, defense counsel addressed the differences between the offenses of attempted burglary and
burglary. She individually questioned ten of the eleven remaining venire members on the issue of attempt. 
After questioning the venire on the defendant's right to remain silent, she announced to the trial court that
she had completed voir dire for the defense. The following then occurred at the bench outside of the jury's
hearing.


The Court: Do you have anybody [else] you want to bring up [to challenge for cause]?


[Prosecutor]: No, sir.


The Court: Do you have anybody [else] you want to bring up [to challenge for cause]?

. . . . . 


[Defense Counsel]: Ms. Granja, No. 3.

(Juror No. 3 approached the bench.)


[Defense Counsel]: Ms. Granja, are you comfortable now with the difference between
attempt and actual burglary?


Ms. Granja: Yes, I think so.


[Defense Counsel]: And if you found that -- if the evidence showed that only an attempt
was made, would you be satisfied with finding that crime?


Ms. Granja: Depending on the charge, if it's attempt or broken into, yes, I would.


[Defense Attorney]: And you don't have any problem with the distinctions that were
made?


Ms. Granja: Yes.

. . . 


The Court: Okay. Thank you. You can sit down. 

. . . 



Following this exchange, the attorneys and the trial judge held a discussion at the bench about whether
attempt was a lesser included offense of burglary. The following occurred:


The Court: My first thought is [attempt] might be a lesser included offense, but I don't
think it is so, you know -- in other words, my feeling is you might should have left it alone
because if they don't prove the actual offense, your guy is not guilty. Do you see what I
mean? I don't think you can charge unless it is a lesser included offense. Now, maybe I'm
wrong. 


[Defense Counsel]: I think [attempt] is a lesser included offense.


The Court: Maybe I'm wrong.

. . . 


The Court: We'll need to decide that later so I know what to put in the charge.


[Defense Counsel]: If you are not going to consider putting it in the charge -- 

. . . Well, I think I need to do additional voir dire if the evidence shows an attempt
and you are not going to put that in the charge.


The Court: I am not going to give you any more voir dire.


[Defense Counsel]: May I have a running objection to that, Your Honor?


The Court: To what?


[Defense Counsel]: To my -- 


The Court: What did you request of me? What did [I] say I was going to do?


[Defense Counsel]: I understood you to say that whether the evidence showed an
attempt -- 


The Court: I said I'm not sure if I can charge on attempt, and we'll have to decide that
later. I did not say that we wouldn't charge on attempt. If I can and the evidence is
there, I will; but, if I can't and the law says I can't -- 


[Defense Counsel]: I will have to include that in my argument, won't I ?

. . . 


The Court: All right. We're going to stop for about five minutes, and each side is going
to have an opportunity to make their strikes. . . .


(Emphasis added.) Both sides executed their peremptory strikes with no double strikes. The State gave
up one of its peremptory strikes thereby seating six jurors in order to avoid a mistrial. Defense counsel
declared she had no objection to the jury as seated. Defense counsel did not mention attempt again until
the charge conference when she objected to the trial court's refusal to include an attempt instruction in the
charge. Her objection was overruled and an attempt instruction was not included in the jury charge.

 When an appellant challenges a trial judge's limitation on the voir dire process, the
reviewing court must analyze the claim under an abuse of discretion standard, the focus of which is whether
appellant proffered a proper question concerning a proper area of inquiry. Howard v. State, 941 S.W.2d
102, 108 (Tex. Crim. App. 1996) (citing Caldwell v. State, 818 S.W.2d 790, 793-94 (Tex. Crim. App.
1991), cert. denied, 503 U.S. 990 (1992)). A proper question is one that seeks to discover a venire
member's views on an issue applicable to the case. Id. If a proper question is disallowed, harm to
appellant is presumed because he has been denied the ability to intelligently exercise his peremptory strikes. 
Id. However, a trial court is given broad discretionary authority to impose reasonable restrictions on the
voir dire process. Id.

 In this case, defense counsel announced that she had completed her collective questioning
of the venire. She then called one venire member to the bench for further questioning about her
understanding of the meaning of attempt. After questioning this venire member and having a conversation
with the trial court about whether attempt would be included in the jury charge as a lesser included offense
of burglary, defense counsel asked for more voir dire regarding attempt. The trial court denied her request. 


 It appears that defense counsel may have misunderstood the trial court's comments that
he was undecided about whether attempt would be included in the jury charge. We note that during
defense counsel's collective voir dire, she discussed extensively the distinctions between the offenses of
attempted burglary and burglary. Additionally, she questioned all but one of the venire members
individually about their understanding of attempt. The trial court did not limit her questioning during the main
portion of voir dire. While defense counsel did not individually voir dire one venire member, she did
address the venire about attempt. We hold that the trial court acted within its broad discretionary authority
to impose reasonable restrictions on the voir dire process by not allowing defense counsel to reopen voir
dire. We overrule appellant's first point of error. 


Sufficiency of the Evidence


 By points of error two and three, appellant contends that the evidence is legally and
factually insufficient to prove that appellant committed burglary of a coin-operated machine. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). When conducting a factual sufficiency review, we do not view the evidence in the light most
favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin
1992, pet. ref'd as untimely filed). 

 Paul Denucci and William Neils, the car wash owners, testified about the identity of the
people who broke into the coin-operated machines on August 12, 1996. The jury viewed the video tape
made by the owners the morning of August 12. Appellant alleges that the poor quality of the video reflects
that the owners could not have accurately perceived the events that occurred the night of the incident. 
Denucci and Neils testified that, by way of a video monitor in their equipment room, they watched a car
pull into one of the car-washing bays. Denucci and Neils identified appellant as one of the two men they
saw at the coin-operated machine during the early morning of August 12. The two owners explained how
they watched the video monitor as appellant got out of the passenger side of the car. They both heard the
coin box drop to the ground. When the owners confronted appellant and the driver they saw quarters on
the ground. The arresting officer found over nine dollars in quarters in appellant's pockets. Denucci
testified that there was no doubt in his mind that appellant was the person he saw breaking into one of the
coin-operated vending machines that morning. Although the video shown to the jury did not have a clear
picture of appellant's face, it showed other identifying aspects of appellant about which the owners testified
including what appellant was wearing that morning and that appellant was six to eight inches shorter than
his companion. 

 The jury is the exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony, and the jury may accept or reject all or any part of the evidence. Miller v. State, 909
S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). Reconciliation of evidentiary conflicts is solely a
function of the trier of fact. Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim. App. 1982). The jury
may draw reasonable inferences and make reasonable deductions from the evidence. Benavides v. State,
763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). Under Jackson, we view the
evidence in the light most favorable to the verdict and must assume that the jury believed the owners'
testimony. Their testimony was sufficient to prove beyond a reasonable doubt that appellant committed
burglary. Additionally, when viewing all of the evidence equally, we conclude that the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. Points of error two
and three are overruled. 


Conclusion


 We affirm the judgment of conviction.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 11, 1997

Do Not Publish



ot allowing defense counsel to reopen voir
dire. We overrule appellant's first point of error. 


Sufficiency of the Evidence


 By points of error two and three, appellant contends that the evidence is legally and
factually insufficient to prove that appellant committed burglary of a coin-operated machine. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). When conducting a factual sufficiency review, we do not view the evidence in the light most
favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.). We will set aside a verdict for factua