COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

CLINTON CORNELL SHANNON,
)
 No. 08-02-00145-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 401st District Court

)


THE STATE OF TEXAS,
)
 of Collin County, Texas

)


 Appellee.
)
 (TC# 401-81438-01)


MEMORANDUM OPINION



 Clinton Cornell Shannon appeals his conviction for the offense of aggravated robbery. He
waived his right to a jury trial and the trial court found him guilty and assessed punishment at
imprisonment for a term of twenty-five years. The judgment reflects an affirmative finding on the
use of a deadly weapon. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2)(Vernon Supp. 2003). 
We affirm.

FACTUAL SUMMARY


 Ginger Jerina stopped at a 7-Eleven store to purchase cigarettes during the early morning
hours of July 24, 2001. She parked her car directly in front of the store. Jerina made her purchase,
exited the store, and returned to her vehicle. As she was sitting inside with the windows closed
preparing to start the ignition, Appellant began tapping on her window and told her to roll it down. 
 Jerina started her car so that she could open the window. As soon as the window was lowered, she
felt a gun placed to her head. Appellant said that he would blow her "f---ing brains" out if she did
not give him cash. Jerina could feel the metal against her temple and knew that the gun was not a
toy. She offered him the three dollars she had in her purse, but Appellant wanted more. She then
told Appellant to take her car but he refused. Instead, he insisted that she exit the vehicle and enter
the store so she could withdraw money from the ATM machine. While Jerina went to the ATM
machine, Appellant went to get a drink from the cooler. Jerina thought about running but she was
afraid. Panicked, she was unable to withdraw any money because she could not locate any of the
credit cards in her purse. A co-worker entered the store around this time. He could see that Jerina
was crying and he asked if she were okay. Still frightened, Jerina told him that she had a headache. 
Ultimately, when Appellant couldn't get any money from Jerina, he grew frustrated and finally left. 
 The store video provides a limited view of what transpired outside the store and at the ATM
machine. Appellant is visible on the tape approaching Jerina's car, speaking with her, and then
hiding something in his pants before following her into the store. A woman is seen entering the store
immediately before Appellant. Jerina later discovered that the woman worked with her at the same
office. This co-worker actually knew Appellant and spoke with him briefly, but did not realize at
the time that he was robbing Jerina. She later identified Appellant in a photo line-up. Jerina had
never seen Appellant before.

SUFFICIENCY OF THE EVIDENCE


 In his sole point of error, Appellant contends that the evidence is legally and factually
insufficient to support his conviction because the State failed to prove beyond a reasonable doubt
that he exhibited a firearm during the commission of the robbery. In reviewing legal sufficiency, we
consider all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). This familiar
standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do not resolve any conflict of fact
or assign credibility to the witnesses, as it was the function of the trier of fact to do so. See Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991). Instead, our duty is only to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most
favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of
review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d at 158.

 When conducting a factual sufficiency review, we consider all of the evidence but we do not
view it in the light most favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996); Levario v. State, 964 S.W.2d 290, 295 (Tex.App.--El Paso 1997, no pet.). 
We review the evidence weighed by the fact finder that tends to prove the existence of the elemental
fact in dispute and compare it with the evidence that tends to disprove that fact. Johnson v. State,
23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996),
cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the
factual sufficiency of the evidence may allege that the evidence is so weak as to be clearly wrong and
manifestly unjust, or in a case where the defendant has offered contrary evidence, he may argue that
the finding of guilt is against the great weight and preponderance of the evidence. See Johnson, 23
S.W.3d at 11. Although we are authorized to set aside the fact finder's determination under either
of these two circumstances, our review must employ appropriate deference and should not intrude
upon the fact finder's role as the sole judge of the weight and credibility given to any evidence
presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to reweigh the evidence and set
aside a verdict merely because we feel that a different result is more reasonable. Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.

 Appellant does not challenge the evidence supporting his identity as the perpetrator in the
parking lot. He only argues that because the State did not prove he used a firearm during the
robbery, he should not be convicted of the enhanced crime of aggravated robbery. He claims that
he never used a gun and that Jerina only felt a metallic object that looked like a gun. Appellant did
not reveal the weapon as he followed Jerina into the store and no one else ever saw it. When
Appellant was arrested two days after the robbery, the gun was not recovered. Consequently, he
complains that since no weapon was introduced into evidence; no weapon was recovered by law
enforcement; no expert witness testified regarding the alleged firearm; and no demonstrative
evidence was offered regarding the weapon, the evidence is legally and factually insufficient. We
disagree.

 Depending on the context, "gun" may be a broader term than "firearm" and may include non-lethal instruments such as B.B. guns, blow guns, pop guns, and grease guns. Benavides v. State, 763
S.W.2d 587, 588 (Tex.App.--Corpus Christi 1988, pet. ref'd.), citing O'Briant v. State, 556 S.W.2d
333, 335-36 (Tex.Crim.App. 1977). The fact finder may reasonably infer from a victim's testimony
that a "gun" was used in the commission of a crime that the gun was a firearm. Id. at 589, citing
Wright v. State, 591 S.W.2d 458 (Tex.Crim.App. 1979). The fact that a perpetrator threatens the
victim with the gun suggests that the object is a firearm rather than a non-lethal instrument. Id. 
Moreover, if the weapon is not recovered, there is no requirement that an expert witness corroborate
the victim's description. Gomez v. State, 685 S.W.3d 333, 336 (Tex.Crim.App. 1985). 

 Applying these principles to the facts before us, we note the following. Jerina was sitting in
her car in front of the convenience store when she heard Appellant tapping on her window. Once
she opened the window to see what he wanted, she felt cold metal pressed against her temple. She
described the object as a stainless steel palm-sized handgun. When Appellant told her that she better
give him cash or he would blow her "f---ing brains" out, she knew the gun was not a toy. Taking
the evidence as a whole, we find that the evidence is legally sufficient for a rational jury to find
beyond a reasonable doubt that Appellant committed aggravated robbery by use of a firearm. As for
factual sufficiency, Jerina was the only witness to testify. Yet her testimony is corroborated by the
videotape which reveals that Appellant stuffed an object into his pants before he entered the store
with Jerina. Appellant offered no explanation for or contrary description of the object readily
observable from the videotape. Absent such evidence, the fact finder may reasonably infer from the
victim's testimony that a gun was used and that the gun was a firearm. The trial court's resolution
of this issue is not contrary to the overwhelming weight of the evidence. Having found the evidence
both legally and factually sufficient to support Appellant's conviction, we overrule the sole issue for
review and affirm the judgment of the trial court.


February 27, 2003 

 ANN CRAWFORD McCLURE, Justice

Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)