NO. 12-02-00054-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAVID BRUCE TAYLOR,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant David Bruce Taylor ("Appellant") was convicted of felony possession of a
controlled substance. The jury sentenced him to twenty years of imprisonment, and imposed a
$10,000 fine. We affirm.


Background

 On July 5, 2001, three Tyler Police Department bicycle squad officers were patrolling an area
of Tyler noted for drug activity. They met Appellant riding his bicycle, and in the course of their
encounter, checked whether there were any warrants for him. After finding that Appellant had a
warrant issued for a traffic offense, the officers arrested and handcuffed him. During the search
incident to arrest, as an officer attempted to search Appellant's shirt pocket, Appellant broke from
the police and ran. The officers quickly tackled him, patted him down for weapons, and placed him
in a police car that had arrived on the scene. Because of Appellant's behavior, the police chose not
to take him to the police station for processing, but to transport him to a more secure area, the Smith
County jail, where he would be unable to flee again. At the jail, in the course of a thorough search
of Appellant's clothing, the officers found a small rock of crack cocaine in his shirt pocket. 
Appellant was charged with possession of a controlled substance. (1)

 Appellant's focus at trial was whether the police had planted the drugs on Appellant, based
on Appellant's contention that the drugs had not been found during the search at the arrest scene. 
Appellant argued that the single rock of crack cocaine the officers testified was found in Appellant's
pocket was not the same as the smaller rocks contained in the package returned from the drug testing
laboratory. He also pointed out that the evidence at trial was contained within a yellow piece of
plastic, although one officer testified that the rock taken from Appellant was placed in a piece of
clear plastic.

 A Texas Department of Public Safety chemist testified that he had to take a sample of the
rock of crack cocaine for his testing, thus altering the physical unity of the original evidence. He also
testified that, after getting the sample, he placed the rest of the cocaine in a yellow plastic sack to
avoid misplacing any pieces of the cocaine rock.

 During the jury's deliberations, the foreperson of the jury took her mobile telephone into the
jury room's restroom and called her place of employment, asking that her briefcase be left outside
so she could retrieve it after work. The other jurors sent a note to the judge advising her of the
foreperson's action. The court held a hearing, inquiring of the foreperson's actions and intent. The
juror denied discussing the case with the person at her office. The judge found that the foreperson
had violated the court's instructions to the jury in talking to someone other than the court's bailiff
or the other jurors when they were together, but did not grant Appellant's motion for mistrial. (2) The
jury found Appellant guilty of possession of cocaine, sentenced him to twenty years of
imprisonment, and imposed a $10,000 fine. 

 In four issues, Appellant contends on appeal that the evidence is legally and factually
insufficient to support the conviction, that the trial court erred in admitting evidence that Appellant
attempted to escape police custody but excluding testimony that Appellant had been acquitted of the
charge of escape, and that the trial court erred in not granting Appellant's motion for mistrial where
the presiding juror used a mobile phone to contact her place of employment during the jury's
deliberations. (3)


Legal Sufficiency

 In his first issue, Appellant contends that the evidence is legally insufficient to support his
conviction of possession of cocaine. In reviewing a legal sufficiency question, we must view the
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). The trier of fact, here the jury, is the exclusive judge of
the credibility of witnesses and of the weight to be given their testimony. Barnes v. State, 876
S.W.2d 316, 321 (Tex. Crim. App. 1994); Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App.
1984). The jury is entitled to draw reasonable inferences from the evidence. Benavides v. State, 763
S.W.2d 587, 588-89 (Tex. App.-Corpus Christi 1988, pet. ref'd). Likewise, reconciliation of
conflicts in the evidence is within the exclusive province of the jury. Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986). Although an appellate court's analysis considers all the evidence
presented at trial, it may not "re-weigh the evidence and substitute [the appellate court's] judgment
for that of the jury." King, 29 S.W.3d at 562. Legal sufficiency of the evidence is measured by the
elements of the offense as defined by the hypothetically correct jury charge, which accurately sets
out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden. 
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Gollihar v. State, 46 S.W.3d
243, 253 (Tex. Crim. App. 2001).

 Appellant was indicted for possession of cocaine, pursuant to Section 481.116 of the Texas
Health and Safety Code which provides that "a person commits an offense if the person knowingly
or intentionally possesses" various enumerated controlled substances, including cocaine. Tex.
Health & Safety Code Ann. § 481.116(a) (Vernon 2002). The officers testified they attempted
to search Appellant at the scene. However, when they attempted to search his shirt pocket, Appellant
fled, causing them to have to chase him and tackle him. Because of concerns about his flight and
the arrival of a police car to transport him to a more secure location to continue the search, the
officers did not continue their attempt to search Appellant's shirt pocket at the scene. When they
resumed their search of Appellant at the jail, they carefully searched his clothing. In the pocket that
Appellant would not let them search at the scene, they found a very small rock of crack cocaine. 
The cocaine was in Appellant's possession. Further, Appellant's action in running when the officers
attempted to search the pocket in which the cocaine was found supports a conclusion that he knew
the cocaine was in that pocket and would be found if the officers were permitted to search the
pocket. Therefore, the evidence is legally sufficient to support Appellant's conviction. Appellant's
first issue is overruled.


Factual Sufficiency

 Appellant's second issue is that the evidence is factually insufficient to support his conviction
for possession of cocaine. When reviewing the factual sufficiency of the evidence, we review all of
the evidence, but not in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997). We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). In conducting our analysis, our duty is to examine the trier of fact's
weighing of the evidence. Scott v. State, 934 S.W.2d 396, 398 (Tex. App.-Dallas 1996, no pet.). 
We consider all the evidence in the record related to an appellant's sufficiency challenge, comparing
the weight of the evidence that tends to prove guilt with the evidence that tends to disprove it. See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997). Because we consider all the evidence in conducting a factual
sufficiency review, we necessarily consider any reasonable alternative hypothesis raised by the
evidence. Richardson v. State, 972 S.W.2d 384, 387 (Tex. App.-Dallas 1998, no pet.). However,
the mere existence of a reasonable hypothesis does not render the evidence factually insufficient. 
Id.

 Because the jury is the sole judge of the facts, we must give deference to jury findings. Cain,
958 S.W.2d at 407. However, absolute deference is not the standard. Johnson v. State, 23 S.W.3d
1, 8 (Tex. Crim. App. 2000). The degree of deference we give to jury findings must be proportionate
to the facts which we can accurately glean from the trial record. Id. Our factual sufficiency analysis
can consider only those few matters bearing on credibility that can be fully determined from the cold
appellate record. Id. Unless the appellate record before us reveals that a different result is
appropriate, we must defer to the jury's determination concerning what weight to give contradictory
testimonial evidence. Johnson, 23 S.W.3d at 8. This is because resolution often turns on an
evaluation of credibility and demeanor, and the jury was in attendance when the testimony was
delivered. Id. We then accord this evidence appropriate consideration in the context of our overall
analysis. Id. at 8-9. A factual sufficiency review encompasses the formulations used in both civil
and criminal cases. Id. at 11. This means that the evidence can be factually insufficient if (1) it is
so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding is against the great
weight and preponderance of the available evidence. Id. The court of criminal appeals in Johnson
further states:


 [T]he complete and correct standard a reviewing court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury's determination, or the proof of guilt, although adequate when
taken alone, is greatly outweighed by contrary proof.



Id.

 Applying these guidelines to the evidence, the evidence established that the cocaine was in 
Appellant's pocket, and that he ran from the police when they attempted to search the pocket in
which the cocaine was located. Although Appellant contended at trial that the police planted the
cocaine, the jury was entitled to believe the chemist's explanation for the change in packaging and
the difference in the number of rocks. See Cain, 958 S.W.2d at 407. Therefore, we hold that the
evidence was factually sufficient for the jury to find Appellant guilty as charged. Appellant's second
issue is overruled.


Extraneous Offense

 In his third issue, Appellant contends the trial court erred in permitting the arresting officers 

to testify regarding Appellant's actions during his arrest, including fleeing from the officers, but
denying Appellant the opportunity to prove that he had previously been acquitted of the evading
arrest charge.

 The State filed a motion in limine regarding Appellant's acquittal of evading arrest, a charge
arising from his fleeing officers after they had arrested and handcuffed him. The court granted the
State's motion in limine, requiring Appellant to approach the bench and raise the issue in a bench
conference if Appellant wanted to develop testimony regarding the previous trial.

 Appellant does not cite this court to the record where he either objected to the admission of
the officers' testimony regarding his fleeing or evading arrest, or to being denied the opportunity to
establish that he had previously been acquitted of charges based on those actions. Appellant also
cites no cases that support his position. We have reviewed the record and do not find that Appellant
objected to testimony regarding Appellant's evading arrest, nor do we find that Appellant attempted
to establish his previous acquittal of a charge based on those acts. Therefore, Appellant has
preserved nothing for review. See Tex. R. App. P. 33.1, 38.1(h). Appellant's third issue is overruled.


Juror Violation of Court Instructions

 In Appellant's fourth issue, he contends that the court erred in failing to grant his motion for
mistrial due to juror misconduct, after it was established that the presiding juror of the panel violated
the court's instructions to not separate and to not converse with anyone but the entire jury after
beginning deliberations. However, Appellant did not cite any cases supporting this issue.

 Appellant moved for a mistrial contending the juror had violated the court's jury instructions. 
The court agreed the juror had violated the jury instructions, but held that the juror had not
committed jury misconduct and, therefore, denied the motion for mistrial.

 Analysis of error in a criminal case depends on whether the error is one of constitutional
dimension. Tex. R. App. P. 44.2. The error alleged in the present case was not predicated on a 
constitutional violation. Rule 44.2(b) provides that, where the error alleged is not of constitutional
dimension, "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights
must be disregarded." Tex. R. App. P. 44.2(b). The court of criminal appeals stated that 


 [t]he appropriate standard of harm is to disregard an error unless a substantial right has been affected.
Tex. Rule App. P. 44.2(b). We have held that a substantial right is affected when the error has a
substantial and injurious effort or influence in determining the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). We adopted this language from the Supreme Court's
holding in Kotteakos v. United States, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946). In
Kotteakos, the Supreme Court explained: "If, when all is said and done, the conviction is sure that the
error did not influence the jury, or had but very slight effect, the verdict and the judgment should
stand, except perhaps where the departure is from a constitutional norm or a specific command of
Congress. . . ." Id. at 764-65, 66 S. Ct. 1239 (citation and footnote omitted).



Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

 The issue is, therefore, whether the juror's action using her mobile phone to contact her office 
regarding her office's business had a "substantial and injurious effort or influence in determining the
jury's verdict" in this case. See id. We hold that it did not. 

 In Casias v. State, 36 S.W.3d 897 (Tex. App.-Austin 2001, no pet.), the court addressed a
similar situation in which, during deliberations, a diabetic juror who was unable to find his
medication was separated from the jury so medical personnel could tend to his worsening condition. 
Thereafter, the juror returned to the assembled panel and the entire jury completed its deliberations. 
Id. at 899. The court in Casias held the issue of a juror separating from the panel was non-constitutional error because it was based on statutory law. Id. at 900. Furthermore, the court
concluded that the juror's separation did not affect Casias's substantive rights, and, therefore, was
not reversible error pursuant to Rule 44.2 (b). Id. Similarly, in Jackson v. State, 931 S.W.2d 46 
(Tex. App.-Fort Worth 1996, no pet.), a juror, over timely objection by the defense, was permitted
to go to a hospital for medical treatment after the jury began deliberating on punishment. After the
juror was returned, the court and counsel carefully questioned the juror to establish that the juror had
not been influenced and had not otherwise gained additional information about the case. The other
jurors were also questioned to ascertain that they had not deliberated during the juror's absence. The
defense moved for a mistrial, arguing that permitting the juror to separate was a violation of Texas
Code of Criminal Procedure Article 35.23, which governs the separation of a juror after a jury has
begun deliberations. Id. at 47; see Tex. Code Crim. Proc. Ann. art. 35.23 (Vernon 2002). The
motion for mistrial was denied. The jury then resumed its deliberations, and reached a decision on
punishment. Jackson, 931 S.W.2d at 47. The Fort Worth Court held that the error, if any, of
permitting the juror to separate, was harmless, and noted that "[i]ndeed, if the error is not harmless
under these facts, then it is difficult to imagine that it would ever be harmless where a violation of
Article 35.23 has occurred." Id. at 48 n.3.

 In the present case, the presiding juror went into the jury room's adjoining restroom and
called her office about office business. The presiding juror, and the other jurors, testified that the
presiding juror spoke only about obtaining her briefcase after she finished jury duty that evening. 
The juror did not receive any information about the case on which she was deliberating, nor did she
receive any influence or contact regarding that case. We hold that the violation of the jury's
instructions did not affect Appellant's substantial rights or influence the jury's verdict in this case.
Appellant's fourth issue is overruled.


Conclusion

 There being legally and factually sufficient evidence to support the verdict, no reversible
error for admission of evidence of Appellant's fleeing police, and no error denying Appellant's
motion for mistrial for a juror's violation of the court's instruction, the judgment of the trial court
is affirmed.

 

Opinion delivered December 23, 2003.

Panel consisted of Worthen, C. J., and Griffith, J.












(DO NOT PUBLISH)
1. Tex. Health & Safety Code Ann. § 481.116(a) (Vernon 2002).
2. The juror's note is not included in the clerk's record brought before this court. However, the trial court
discussed the note on the record, and conducted a hearing on this issue. The reporter's record for the hearing is
contained in the record before this court.
3. Appellant also referenced three other issues, ineffective assistance of counsel, the court's cumulation
order, and the State's jury argument, but concedes that, based on the law which he cites relating to those issues, there
was no error. Having reviewed the record and the pertinent law, we agree that there was no error regarding those
issues.