EDWARD L. FELAND V. STATE.

No. 30,355. February 11, 1959.
Motion for Rehearing Overruled April 1, 1959.
Second Motion for Rehearing Overruled April 22, 1959.

DAVIDSON, Judge. dissented.

*Stevens, Ludtke & Tarrant,* by *O'Brien Stevens, Max Garrett,* and *King C. Haynie* (on appeal only) Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Jon N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for assault with intent to murder without malice; the punishment, 2½ years.

The indictment charged assault with intent to murder with malice.

The evidence shows and appellant himself testified that, while riding in an automobile traveling at a high rate of speed, appellant fired his shotgun three times aiming it at an automobile with five people in it which was some half a car length ahead and a foot or so to the right, traveling in the same direction.

One of the shots struck Terrell, who was the driver of the second car, in the arm requiring that it be amputated.

Omissions in the court's charge are the sole ground upon which reversal is sought, it being appellant's contention that the court failed to instruct the jury affirmatively on the issue of lack of intent to kill, and failed to charge upon the law of

reasonable doubt as between the offense of assault with intent to murder and aggravated assault.

The charge submitted assault with intent to murder with malice, the jury being required, in order to convict, to find beyond a reasonable doubt that appellant, with malice, made the the assault with intent to kill and also that the weapon used was a deadly weapon. The charge then instructed that if the jury had a reasonable doubt as to whether or not the defendant committed the offense with malice but found beyond a reasonable doubt that he committed the offense to find him guilty of assault with intent to murder without malice.

The charge further instructed that if the jury had a reasonable doubt as to whether he was guilty of assault with intent to murder, with malice or without malice, but believed beyond a reasonable doubt that the defendant was guilty of some grade of offense, they would then consider if he was guilty of aggravated assault, and defined and submitted that offense.

This portion of the charge was confined to the question of aggravated assault with a deadly weapon and required the jury in order to convict to find beyond a reasonable doubt that the defendant, by shooting him with a gun, did assault Lee K. Terrell but did not intend to kill Terrell.

Appellant's version of the shooting was submitted as an affirmative defense. The court charged on the law of self-defense under reasonable apprehension or fear of death or serious bodily injury at the hands of Terrell, or anyone in the car with Terrell.

In addition the jury was instructed that if, as viewed from appellant's standpoint, immediately before he fired the shotgun it reasonably appeared to him that the automobile driven by Terrell was about to be driven against appellant's automobile, and that it reasonably appeared to appellant that he and the other occupants of his automobile might thereby suffer serious bodily injury, and that appellant discharged his shotgun at the automobile driven by Terrell for the purpose of preventing such injury, or if the jury had a reasonable doubt as to such facts, to acquit.

The charge fully protected appellant's rights and it appears from the record that he was accorded a fair and impartial trial.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

The majority of this court overrule appellant's motion for rehearing without written opinion.

Upon original submission appellant did not contend that the trial court's charge was fundamentally erroneous in the particular hereinafter mentioned. He presents that question in his motion for rehearing.

I am convinced that appellant's contention is well taken and should be sustained. In support of that contention, I submit the following as my dissent:

Here is a man convicted of the offense of assault with intent to murder without malice aforethought, without the jury having been advised at any time by the trial court the elements necessary to constitute that offense. In reaching its conclusion, the jury did so without any guide from the trial court by which they might know the law touching such offense. Of necessity, then, the jury was at liberty to substitute in lieu of the law its views as to the elements constituting that offense.

For that reason, the charge was fundamentally erroneous and a conviction under such conditions should not be sustained.

In analyzing the charge which the trial court gave to the jury, it is found that "malice aforethought" was defined therein as a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken.

Following that charge, the jury was instructed to the effect that if it believed beyond a reasonable doubt that the appellant with malice aforethought made an assault upon the injured party with intent to kill he would be guilty of assaulting with intent to murder.

In connection with and immediately following that charge the trial court gave the below quoted charge:

"However, if you have a reasonable doubt as to whether or not the defendant committed said offense with malice aforethought, if you have determined beyond a reasonable doubt he committed such offense, then you will find the defendant guilty of assault with intent to murder without malice and assess his

punishment at confinement in the penitentiary for not less than one year nor more than three years.

"A 'deadly weapon' is one which from the manner of its use is calculated or likely to produce death or to inflict serious bodily injury.

"If, after considering the evidence, you have a reasonable doubt as to whether or not the defendant is guilty of assault with intent to murder with malice, or of assault with intent to murder without malice, but you believe beyond a reasonable doubt that the defendant is guilty of some grade of offense, you will then consider if the defendant is guilty of an aggravated assault."

The foregoing is the court's only reference to assault with intent to murder without malice. No definition of the term "murder without malice" was made or attempted, notwithstanding the mandatory provisions of Sec. 2 of Art. 1160, Vernon's P.C., which says that "in a proper case murder without malice" shall be defined and applied in the court's charge.

The trial court's electing to submit to the jury assault with intent to murder without malice and the jury's finding appellant guilty of that offense made it necessary that "murder without malice" be defined and applied in the charge to the jury.

So it is an inescapable fact that the appellant was entitled to have the jury instructed in connection with assault with intent to murder without malice that, as defined in Art. 1257, Vernon's P.C.:

"* * * murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection * * *."

The jury was not so instructed but, rather, was permitted to create the offense of assault with intent to murder without malice out of any state of facts they chose.

That the charge was fundamentally erroneous for failing to

define murder without malice and making an application thereof to the facts is, to my mind, not debatable.

My views were expressed in my dissenting opinion in Potts v. State, 167 Texas Cr. Rep. 240, 319 S.W. 2d 304.

The cases of Garza v. State, 162 Texas Cr. Rep. 655, 288 S.W. 2d 785, and Bizzell v. State, 163 Texas Cr. Rep. 233, 289 S.W. 2d 941, are authority for holding the instant charge fundamentally erroneous. See, also, Henry v. State, 164 Texas Cr. Rep. 199, 300 S.W. 2d 79.

Not only does the instant charge fail to require a finding by the jury of the essential elements of the offense, but it also fails to follow the mandatory provisions of Sec. 2 of Art. 1160, Vernon's P.C.

By that statute, in plain and unmistakable language the legislature of this state has said to the trial courts of this state that in all cases of assault with intent to murder without malice the term "murder without malice" must be defined to the jury.

Thus the statute is mandatory in requiring the trial court in this case to define "murder without malice."

The mandatory provisions of Sec. 2 of Art. 1160, Vernon's P.C., relate to and involve a question of substantive law. This is more than a mere procedural or directory matter.

Such being true, the procedural feature of Art. 658, Vernon's C.C.P., requiring exceptions and objections to the court's charge to be presented before the charge is read to the jury, must yield to the mandate of Sec. 2 of Art. 1160, Vernon's P.C.

To hold otherwise would be to relieve a trial court of a mandatory duty by waiver, and a procedural statute would control and nullify a statute of substantive law.

In an assault-with-intent-to-murder case where the issue of assault with intent to murder without malice arises and is submitted to the jury it is the fundamental duty of the trial court to define "murder without malice."

I here emphasize that failure to comply with that mandate renders the charge fundamentally erroneous and requires a reversal of the conviction.

I dissent.