**Richard BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–019–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1988.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER, and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant Richard Benavides was tried by a jury and found guilty of the aggravated robbery of Cliff Perez, a clerk in a convenience store, by the use of a firearm. The jury also found that appellant was a repeat felony offender and assessed punishment at confinement in the Texas Department of Corrections for forty-five years and a $5,000 fine. The court entered judgment on the verdict and made a finding that a deadly weapon was used in the commission of the offense. We affirm the judgment of the trial court.

By his first point of error appellant complains that the evidence does not support his conviction for aggravated robbery, because it is insufficient to show that a firearm was used. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984).

A person commits the first degree felony of aggravated robbery under Tex.Penal Code Ann. § 29.03 (Vernon 1974), when he uses or exhibits a deadly weapon in the commission of a § 29.02 robbery.

When the State alleges unnecessary matter which is descriptive of the essential elements of the crime, it must prove the descriptive matter as alleged. *Gomez v. State,* 685 S.W.2d 333, 336 (Tex. Crim.App.1985); *Weaver v. State,* 551 S.W. 2d 419, 420 (Tex.Crim.App.1977). Thus, when the State alleges in an indictment for aggravated robbery that the deadly weapon used by the defendant was a firearm, as it did in the present case, it is required to prove use of a firearm beyond a reasonable doubt. *Gomez,* 685 S.W.2d at 336.

Under Tex.Penal Code Ann. § 46.01(3) (Vernon 1974), " 'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. [Specific exclusions not relevant to the present case are listed.] . . . "

The victim's testimony about the robbery of the convenience store where he clerked shows merely that appellant used a "gun" and that it was an "automatic." Cliff Perez testified that:

A. [Appellant] came alongside the register and he pointed a gun at me and told me, "This is a holdup! I'm not playing! I don't want to hurt you!"

Q. Do you know what type of gun he had?

A. It was an automatic.

Q. Do you know what brand or anything like that?

A. No, sir.

\*　　\*　　\*　　\*　　\*　　\*

A. It was a medium-sized gun. . . .

"Gun" may be a much broader term than "firearm" when taken out of context, and may include such non-lethal instruments as B.B. guns, blow guns, pop guns, and grease guns. *See O'Briant v. State,* 556 S.W.2d 333, 335–36 (Tex.Crim. App.1977). The factfinder, however, may

draw reasonable inferences and make reasonable deductions from the evidence as presented to it within the context of the crime. *See Goodin v. State,* 750 S.W.2d 857, 859 (Tex.App.–Corpus Christi 1988, pet. filed). Absent any specific indication to the contrary at trial, the jury should be able to make the reasonable inference, from the victim's testimony that a "gun" was used in the commission of a crime, that the gun was a firearm. *See Wright v. State,* 591 S.W.2d 458 (Tex.Crim.App.1979); *Joseph v. State,* 681 S.W.2d 738, 739 (Tex. App.—Houston [14th Dist.] 1984, no pet.); *Riddick v. State,* 624 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1981, no pet.). Appellant's threatening the victim with the gun in itself suggests that it is a firearm rather than merely a gun of the non-lethal variety described in *O'Briant. See Riddick,* 624 S.W.2d at 711. The added description of the gun in the present case as an "automatic" further negates any reasonable possibility that the gun is not a firearm. *See Gomez v. State,* 685 S.W.2d 333, 336 (Tex.Crim.App.1985). Appellant's first point of error is overruled.

By his second point of error appellant complains that the trial court erred in refusing to charge the jury that if there is a reasonable doubt as to whether he is guilty of aggravated robbery or the lesser included offense of robbery, the jury should resolve that doubt in appellant's favor and find him guilty of the lesser offense.

The general rule has been that, where greater and lesser grades or degrees of an offense are charged, the court must upon the defendant's request give the jury a "benefit of the doubt" instruction that, if the evidence leaves a reasonable doubt of the grade or degree of the offense, such doubt should be resolved in favor of the defendant. *Sparks v. State,* 108 Tex.Cr.R. 367, 300 S.W. 938, 939 (1927); *Richardson v. State,* 91 Tex.Cr.R. 318, 239 S.W. 218, 224 (1922). This added instruction is given to clear up any confusion where the jury has no reasonable doubt that the defendant committed an offense, but is uncertain about the grade or degree of that offense. *See Richardson,* 239 S.W. at 224.

In the first paragraph of part four of the present charge, the court instructs the jury first to consider whether it finds beyond a reasonable doubt that the appellant is guilty of aggravated robbery. Paragraph two instructs the jury that, if it does not so find, it should acquit the appellant of aggravated robbery and proceed to consider whether he is guilty of robbery. In paragraph three the court instructs the jury to consider whether it finds beyond a reasonable doubt that the appellant is guilty of robbery. And paragraph five instructs the jury that, if it does not so find, it should acquit the appellant of robbery.

The charge in the present case is similar to the one in *Shelby v. State,* 724 S.W.2d 138 (Tex.App.—Dallas 1987), *vacated on other grounds,* 761 S.W.2d 5 (Tex.Crim. App.1988), where the court held that refusal of a requested instruction on benefit of the doubt was not harmful to the appellant. The court reasoned that:

> Although the charge does not explicitly advise the jury, as requested by appellant, that appellant should be given the "benefit of the doubt" if they are in doubt as to whether he is guilty of murder or aggravated assault, the charge leaves no uncertainty as to how to resolve the doubt or where the burden of proof lies on that issue.

*Shelby,* 724 S.W.2d at 140; *see also Feland v. State,* 168 Tex.Cr.R. 11, 323 S.W.2d 37 (1959).

■ The charge in the present case clearly instructs the jury that, if it is not convinced beyond a reasonable doubt that appellant is guilty of aggravated robbery, it should acquit him of the greater offense before considering appellant's guilt on the lesser offense. Any reasonable doubt about whether the appellant is guilty of the lesser or greater offense thus results in an acquittal of the greater offense before the jury even considers the lesser offense. No further "benefit of the doubt" instruction is necessary. Appellant's second point of error is overruled.

■ By his third point of error appellant complains that the trial court erred in admitting a penitentiary packet from a prior conviction into evidence on the ground that

**590**

the signature of Frank Robinson, a public officer authenticating the signature of the custodian of the packet in accordance with Tex.R.Crim.Evid. 902(2), was invalid because it was done with a rubber stamp. The use of a stamp producing a facsimile of an original signature is an acceptable means of signing legal documents. *Paulus v. State*, 633 S.W.2d 827, 849 (Tex. Crim.App.1982); *Estes v. State*, 484 S.W.2d 711 (Tex.Crim.App.1972) (signature on Texas Department of Corrections documents authenticated with rubber stamp signature of official); *Stork v. State*, 114 Tex.Cr.R. 398, 23 S.W.2d 733 (1929). Appellant's third point of error is overruled.

By his fourth point of error appellant complains that the trial court erred in refusing to allow him to testify free from impeachment with a prior conviction. Appellant concedes that Tex.R.Crim.Evid. 609 allows a witness to be impeached with a prior felony conviction, but only if its probative value outweighs its prejudicial effect. *Larrabee v. State*, 746 S.W.2d 264, 266 (Tex.App.—Amarillo 1988, pet. ref'd). In the present case the prior offense was a robbery and the defendant was on trial for robbery. Appellant contends that the use of this prior offense was especially prejudicial because of the danger that the jury may assume that a prior robbery is evidence that the appellant is a "robber" in general and probably committed the present robbery.

Appellant made a pre-trial motion that he be allowed to testify free from impeachment with a prior conviction. The trial court denied the motion. At trial, appellant's attorney again requested that the trial court allow appellant to testify free from impeachment with a prior conviction for robbery. The trial court again denied appellant's request. Appellant thereafter chose not to testify.

■ Appellant's pre-trial motion and his oral request during trial are in essence motions in limine. *See Watson v. State*, 715 S.W.2d 864, 867 (Tex.App.—Fort Worth 1986, pet. granted). Reliance on the granting or denial of a motion in limine will not preserve error. A defendant must object on the proper grounds when the evidence is offered at trial. *Cook v. State*, 741 S.W.2d

928, 939 (Tex.Crim.App.1987); *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App. 1979); *Witherspoon v. State*, 486 S.W.2d 953, 955–56 (Tex.Crim.App.1972). Because appellant chose not to testify, the State could not use his prior conviction for impeachment and the jury was not exposed to the allegedly prejudicial evidence.

■ Appellant, however, contends that the trial court's ruling in effect prevented him from testifying, for fear of the State's expected use of the prior conviction for impeachment. On this rationale, all rulings on motions in limine may have some effect on the defendant's trial strategy. This effect, however, is too speculative to preserve error on the basis of the ruling alone. *See Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984); *Richardson v. State*, 733 S.W.2d 947, 956 (Tex.App.—Austin 1987), *vacated on other grounds*, 761 S.W.2d 19 (Tex.Crim.App. 1988). Appellant cannot refuse to put on evidence in anticipation of improper impeachment, and then complain that he was denied the opportunity to present that evidence. In order to preserve a claim of improper impeachment with a previous conviction, the defendant must testify. *Luce*, 469 U.S. at 43, 105 S.Ct. at 464; *Richardson*, 733 S.W.2d at 956. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.