NO. 12-01-00255-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MICHAEL SANDERS,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION ON REMAND


 Michael Sanders was convicted by a jury of burglary of a habitation. The trial court
sentenced him to twenty years of imprisonment. On original submission to this court, we held the
evidence insufficient to support the conviction, reversed the trial court's judgment, and rendered a
judgment of acquittal. Sanders v. State, No. 12-01-00255-CR (Tex. App. - Tyler August 21, 2002)
(not designated for publication), rev'd, No. 1742-02, 2003 Tex. Crim. App. LEXIS 714 (Tex. Crim.
App. Nov. 5, 2003). The court of criminal appeals reviewed our decision, determined that we
misapplied the legal sufficiency standard of review, and remanded the case for further proceedings
consistent with its opinion. 

 In three issues, Appellant asserts the trial court erred in denying his motion for instructed
verdict, the evidence is insufficient to support the conviction, and the trial court erred by including
the law of parties in the jury charge. After reviewing the evidence and the court of criminal appeals'
opinion, we conclude the conviction must stand.

Background 

 J.C. Johnson owns rental property which he frequently drives by to check. On the morning
of July 17, 2000, he noticed that the window air conditioning unit was missing from one of the
homes. He went in the house, which was furnished but unoccupied at the time, and determined that
many items were missing. 

 That afternoon, while he was sitting in his truck near the house waiting for his wife to arrive,
a small grayish-tan pickup with a large dent in the side backed up to the front door of the house. 
Two black males, one "heavy-set, kind of stocky built" and the other slim, got out of the truck. One
of them tried, without success, to open the doors of the house. Mr. Johnson went over to them and
asked what they were doing. One of them had his shirt open and Mr. Johnson could see the name
"Sanders" tattooed across the man's stomach. Appellant said his name was Fred Sanders and the
other man said his name was Charles Jones. They told Mr. Johnson that Willie Harris, who lived
at a particular address on Confederate Street, was paying them $80.00 to move furniture from that
house. After answering Mr. Johnson's questions, and without ever going into the house, they got
back in the truck and drove away. Mr. Johnson wrote down the license number of the truck and
called police.

 Carl Petty, Jr. rents one of the houses owned by Mr. Johnson. He came home at about 6:30
a.m. on July 17, 2000. He noticed a small tan or gray pickup, with a large dent on the side, backed
up to the door of one of Mr. Johnson's houses. Two black men were taking furniture out of the
house and putting it in the truck. Mr. Petty said one of them was heavy and the other was slim, but
he did not get close enough to identify them. One of the men asked Mr. Petty if he wanted a job
moving furniture. He went in his house after sitting on his porch a few minutes. When he came
back out, the men and truck were gone. Later that afternoon, Mr. Petty saw Mr. Johnson and told
him about what he had seen that morning. However, he had not seen the truck or men that were at
the house that afternoon and was unable to pick any suspects out of a photo lineup. Further, he
testified that he was not certain of the color of the truck and did not know if the one he saw and the
one that was at the house in the afternoon were the same truck.

 When police ran the license plate number that Mr. Johnson provided, they learned that the
truck had been repossessed from the registered owner. However, the truck had been stopped the day
before the burglary, driven by Ronnie Lollar. Mr. Lollar spoke to police and gave them some
nicknames of possible suspects. When the investigating detective ran the nicknames through his
computer database, he found Appellant's name. In the meantime, Mr. Johnson looked through a
book of photos of possible suspects. He did not pick out Mr. Lollar, but he did pick out Appellant.

 None of the stolen items were ever recovered and no fingerprints were found inside the home. 
The house on Confederate Street was vacant and police never found a Willie Harris. Appellant was
arrested about six months after the burglary. He gave a statement to police saying he did not know
anything about this case and he was out of town from August through October.

Sufficiency of the Evidence

 In his first and second issues, Appellant asserts the trial court erred in denying his motion for
instructed verdict and the jury conviction cannot stand because the evidence is insufficient as a
matter of law. He argues that the State's evidence is merely circumstantial and speculative and the
State did not prove its case beyond a reasonable doubt.

 A challenge to the denial of a motion for an instructed verdict is actually a challenge to the
legal sufficiency of the evidence. Jackson v. State, 50 S.W.3d 579, 597 (Tex. App. - Fort Worth
2001, pet. ref'd). The standard for reviewing the legal sufficiency of the evidence is whether,
viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could
have found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The trier of fact is the
sole judge of the weight and credibility of the witnesses and may believe or disbelieve any part of
any witness's testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury
is entitled to draw reasonable inferences from the evidence. Benavides v. State, 763 S.W.2d 587,
588-89 (Tex. App.-Corpus Christi 1988, pet. ref'd). 

 The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether
we as a court believe the State's evidence or believe that the defense's evidence outweighs the
State's evidence. See Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). Our duty is
not to reweigh the evidence from reading a cold record, but to act as a due process safeguard
ensuring only the rationality of the fact finder. Williams v. State, 937 S.W.2d 479, 483 (Tex. Crim.
App. 1996). The verdict may not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt. Matson, 819 S.W.2d at 846. The reviewing court gives full play to the
jury's responsibility to draw reasonable inferences from basic facts to ultimate facts. See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.

 The evidence shows Mr. Johnson's house was burglarized at 6:30 a.m. on July 17, 2000, by
two black men in a small tan or gray pickup with a dent in the side. It also shows that Appellant and
another black man were at the house on the afternoon of July 17, 2000, and that they arrived in a
small grayish-tan pickup with a dent in the side. The descriptions of the truck seen in the morning
and the one seen in the afternoon are similar enough that a trier of fact might reasonably believe they
described the same truck. 

 Mr. Johnson testified that the driver backed the truck up to the front door of the house and
one of the men tried to open first the front door and then the side door. Mr. Johnson explained that
the man walked to the side door like he knew where he was going. This testimony suggests that the
driver may have been to the house before and that the man trying the doors was familiar with the
house.

 The ultimate fact in question was Appellant's identity as the heavy man whom Mr. Petty, the
neighbor, saw burglarizing the house. A rational jury could have inferred the ultimate fact that
Appellant was this man from the evidence that Mr. Johnson identified Appellant, whom other
evidence shows is heavy, as being at the burglarized house on the afternoon of the burglary in a
specifically described pickup truck and from Mr. Petty's testimony indicating that Appellant
generally fit the description of one of the burglars he saw earlier that morning in a similarly
described pickup truck.

 Further evidence from which a jury could have inferred this ultimate fact is that Appellant
left the house without moving any furniture after telling Mr. Johnson that he was there to move
furniture. Appellant's false claim that a man named Willie Harris at a particular address on
Confederate Street hired him to move furniture from the house is also evidence from which a jury
could have inferred this ultimate fact. Finally, the evidence that Appellant left town after he became
a suspect in the burglary investigation is more evidence from which a rational jury could have
inferred this ultimate fact. On this record, we cannot say that a jury would have unfairly or
irrationally inferred Appellant's identity as one of the burglars from these basic facts. See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789. Accordingly, we determine that the evidence is legally sufficient
to support the conviction. We overrule Appellant's first and second issues.

Jury Charge 

 In his third issue, Appellant contends the trial court erred in giving a charge to the jury
regarding the law of parties. He argues that there is no evidence connecting him to "any unknown
black males who might have committed a burglary of the rent house." Appellant's entire argument
under this issue consists of eight and one-half lines and contains no cites to the record or to authority
in support of his contention. Accordingly, Appellant has presented nothing for review by this
improperly briefed issue. Tex. R. App. P. 38.1(h).

 Further, it is proper for the trial court to charge the jury on the law of parties as long as the
evidence presented at trial raised the issue. Goff v. State, 931 S.W.2d 537, 544 (Tex. Crim. App.
1996). As the evidence set out above shows, the issue of Appellant's guilt as a party to the burglary
was presented to the jury. We overrule Appellant's third issue. 

Conclusion

 The evidence is legally sufficient to support the conviction. The trial court properly included
the law of parties in the jury charge. Accordingly, we affirm the trial court's judgment.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered December 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






















(DO NOT PUBLISH)