NO. 12-03-00062-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES HEATH KIRKLAND,                          §                 APPEAL FROM THE 8TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOPKINS COUNTY, TEXAS
                                                                                                                                                          
MEMORANDUM OPINION
            A jury convicted James Heath Kirkland (“Appellant”) of burglary of a habitation and
sentenced him to imprisonment for ten years and no fine. Appellant raises two issues on appeal.
We affirm.
BackgroundTony and Ammie Harris lived next door to the Kirklands, Appellant’s parents. The
Kirklands forced Appellant to move from their home because of his drug problem. He then asked
to live with the Harrises. The Harrises agreed, provided that Appellant would pay rent every two
weeks, not use drugs, and not steal. 
            On March 2, 2002, approximately two months after he moved in, Appellant told the Harrises
he was moving out the next day and would not be living with them anymore. In the two weeks prior
to March 2, the Harrises suspected Appellant of stealing, and he had also failed to pay his rent. 
Appellant moved out of the Harrises’ home on March 3 and did not stay there again after he moved
out. 
            On March 6, 2002, Ammie Harris laundered the few clothes Appellant had brought to their
house and took them to Appellant’s parents’ house next door. That evening, Appellant barged into
the Harrises’ home, yelling, screaming curses at the Harrises, and demanding money. Tony Harris
told Appellant to leave and that he was calling 9-1-1. Appellant lunged at Tony and knocked him
against the kitchen counter. Tony got away and ran to the bedroom to use the telephone. 
            Appellant then turned on Ammie Harris, cursing her, hitting her in the face, and knocking
her down. Hearing his wife scream, Tony grabbed a .22 pistol and came from the bedroom as
Appellant lunged down the hall toward him. Tony warned Appellant to leave or he would shoot him. 
Appellant lunged several times at Tony, who finally shot Appellant in the shoulder. Tony then called
9-1-1. 
            Appellant was charged by indictment with burglary of a habitation,


 and the matter proceeded
to a jury trial. At trial, the Harrises related the details of the incident and testified that Appellant
seemed intoxicated and possibly on drugs. They also testified that they were scared of Appellant. 
The jury convicted Appellant of burglary of a habitation and sentenced him to imprisonment for ten
years and no fine. 
 
Legal Sufficiency
            Appellant contends in his first issue that the evidence is legally insufficient to establish that
Appellant’s entry into the Harrises’ home was “without the effective consent of the owner,” an
essential element of the burglary charge. See Tex. Pen. Code Ann. § 30.02(a). Appellant bases his
argument on Ammie’s response, during cross-examination, that Appellant could have come and
picked up his clothes at the Harrises house, even after he moved out, without asking permission. By
contrast, the State points to Ammie’s testimony that she had taken all of Appellant’s belongings to
his parents’ house prior to the incident in question. Therefore, the State concludes, any possible
consent based on Appellant’s clothing being in the house ended that morning.
Standard of Review
            In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000). The trier of fact, here the jury, is the exclusive judge of the credibility of the witnesses and
of the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994); Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury is entitled to draw
reasonable inferences from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex.
App.–Corpus Christi 1988, pet. ref’d). Likewise, reconciliation of conflicts in the evidence is within
the exclusive province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
Although an appellate court’s analysis considers all the evidence presented at trial, it may not “re-weigh the evidence and substitute [the appellate court’s] judgment for that of the jury.” King, 29
S.W.3d at 562. 
Analysis
            The Harrises testified that Appellant had told them on March 2 that he was moving out the
next day. Both said they had agreed with Appellant that the time he would be in the house would
end the next morning when he left. They also testified that there was no misunderstanding between
them and Appellant that his residence in the house would end the next morning, March 3.
            Appellant contends that because Ammie admitted on cross-examination that Appellant would
not have needed the Harrises’ permission to come into the house to get his possessions, she conceded
that they consented to Appellant’s entering the house. However, that conclusion is flawed. Ammie
had delivered the few clothes Appellant had left in their house to Appellant’s parents’ home the
morning of the burglary, March 6, 2002. Based upon this evidence, the jury could have reasonably
concluded that the basis for any such “consent” had ended that morning. Moreover, the jury was free
to infer that even if Appellant’s clothes had been at the Harrises’ home on March 6, they did not
consent to his entry for any purpose other than to pick up his clothes. Therefore, considering the
evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to
support the jury’s finding that Appellant did not have the Harrises’ effective consent to enter their
home on the evening of March 6, 2002. Appellant’s first issue is overruled.
 
 
Jury Request To Review Testimony
            In his second issue, Appellant contends he was denied a “fundamental and fair trial” because
the trial court failed to properly respond to the jury’s request to review testimony. Appellant admits
that his failure to object at trial waived the issue on appeal. However, even if Appellant had objected
at trial, his argument would fail. 
            During deliberations, the jury sent a note requesting “Transcript of Amy [sic] Harris’s
test[i]mony. Kirkland’s videotape.” The trial court sent a note back advising the jury that to be
entitled to have any testimony read to them, the jury must state that they have disagreed and are in
dispute about a specific point and must specify the point of disagreement. See Tex. Code Crim.
Proc. Ann. art. 36.28 (Vernon 1981). The jury sent out another note in which they focused further
on Ammie’s response to questioning about whether Appellant would be welcome in the Harris home. 
The court found that the jury’s request was still insufficient under Article 36.28 and referred the jury
to the court’s previous instruction. During the discussion about the proposed note, the trial court
stated, “[M]aybe they can get more specific, if they need it. That’s all I can do for now.” Neither
the State nor Appellant objected to the proposed note. 
Applicable Law and Standard of Review
            Article 36.28 of the Texas Code of Criminal Procedure provides that
 
                        [i]n the trial of a criminal case in a court of record, if the jury disagree as to the
statement of any witness they may, upon applying to the court, have read to them
from the court reporter’s notes that part of such witness testimony or the particular
point in dispute, and no other. . . .


Id. The court of criminal appeals has identified two competing concerns in applying this article to
questions asked by juries while they deliberate. Robison v. State, 888 S.W.2d 473, 480 (Tex. Crim.
App. 1994). On the one hand, there is the concern that the trial court not comment on the evidence.
Id. However, there is also the desire to provide the jury with the means to resolve any factual
disputes the jury members may have. Id. 
            When the jury asks that certain testimony be re-read, the trial court must determine if the
request is proper and adequate under article 36.28. Brown v. State, 870 S.W.2d 53, 55 (Tex. Crim.
App. 1994). The trial court is constrained by Article 36.28 and cannot provide witness testimony
until the jury’s request meets the requirements of the article. If the jury requests the reading of certain
testimony without more, it is proper for the court to instruct the jurors that it cannot comply with
their request unless the jurors state they are in disagreement about a witness’s statement or a
particular point of testimony, and only this testimony and no other can be read to them. Jones v.
State, 706 S.W.2d 664, 667 (Tex. Crim. App. 1986). “If the request is proper, the trial court must
then interpret the communication, decide what sections of the testimony will best answer the inquiry,
then limit the re-reading accordingly.” (citation omitted). Id. We do not disturb the trial court’s
decision unless a clear abuse of discretion and harm is shown. Id. An abuse of discretion exists
when the trial court’s ruling is outside “the zone of reasonable disagreement” regarding the law
applicable to an issue. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on
reh’g).
Analysis
            In the present case, the trial court was “properly cautious in observing the competing
concerns of article 36.28.” See Robison, 888 S.W.2d at 480. The first note simply requested two
items: Ammie’s testimony and Appellant’s videotape. The court properly responded to the first
request. The jurors’ second request was more specific as to the testimony desired, but failed to state
that there was an actual dispute among the jurors. Based on the record before us, we cannot say the
trial court abused its discretion in failing to have the court reporter read the transcription of the
requested testimony. Therefore, even absent waiver, Appellant’s issue is without merit. We overrule
Appellant’s second issue. 
 
Disposition
            The judgment of the trial court is affirmed.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered August 25, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)