

# NUMBER 13-18-00643-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DOMINGO DAULE MENDEZ,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

After a bench trial, appellant Domingo Daule Mendez was convicted of aggravated robbery, a first degree felony. *See* TEX. PENAL CODE ANN. § 29.03. By a single issue, Mendez challenges the sufficiency of the evidence to support the trial court's deadly weapon finding. We affirm.

## I.    BACKGROUND

During trial, Laura Teague, the cashier at a Stripes store in Corpus Christi, testified that in the early morning hours of June 4, 2018, as she was doing her chores before closing, she saw Mendez pacing outside.   He was shirtless, had distinctive tattoos on his arms and torso, and appeared agitated.   After seeing him outside for about ten minutes, she asked him to leave, but he said he was waiting for a ride.   He later entered the store carrying a long gun and told her to "give him the register."   She put the cash drawer on the counter and stepped back.   Mendez grabbed the money and left.   She locked the door, called 911, and then called her manager.   The police came and her manager arrived later.   She viewed the surveillance tape with her manager and saw the rifle, but at the time he came into the store with it, Teague said she just glanced at the long gun. Teague had been robbed at a different job years before, and this event brought the previous robbery and her fear from that event back.   She testified that when Mendez came into the store with the long gun, she was scared for her life and described having a "bit of a breakdown" after she made the phone calls and before the police arrived. Teague later identified Mendez from a police photo array.

Mendez testified that he robbed the Stripes that night, and he apologized to Teague for frightening her.   He admitted that what he did was wrong and that he had no excuse.   He explained that he was simply overwhelmed by recent events.   He testified he was under a lot of financial stress caused by taking care of his disabled mother who received a small disability check; he lost his job; and his car broke down.   Mendez testified that the rifle he had with him was his father's old hunting rifle that Mendez had

2

used occasionally to go hunting. He admitted that his possession of it was a violation of the law because of his previous felony conviction. *See* TEX. PENAL CODE ANN. § 46.04(a). At the conclusion of the bench trial, the trial court found Mendez guilty of aggravated robbery, found Mendez used a deadly weapon, and sentenced him to sixty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division as a repeat felony offender. *See id.* § 12.42.

## II.    DEADLY WEAPON FINDING

By Mendez's sole issue, he argues that the State's evidence was not sufficient to support the trial court's deadly weapon finding, however, he also argues that he is guilty of nothing more than robbery.

## A.    Standard of Review

The Court applies the sufficiency standard from *Jackson v. Virginia*, which requires the reviewing court to "view[] the evidence in the light most favorable to the prosecution," to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. 307, 319 (1979)). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012); *Brooks*, 323 S.W.3d at 899.

3

**B. Applicable Law**

Mendez was charged with committing a robbery and using or exhibiting a firearm. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). A person commits a robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* TEX. PENAL CODE ANN. § 29.02(a)(2). Mendez admits that he committed a robbery and that he was carrying a hunting rifle. Teague testified that she was scared for her life.

Because Mendez did not point the rifle at Teague or specifically threaten her, he argues that the State failed to prove that the gun used in the robbery was a deadly weapon per se, and because it was not pointed at anyone, it could not have caused serious injury or death. As a result, Mendez argues that he is guilty of robbery, not aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.02.

A deadly weapon is defined as a "firearm" and is also "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17); *Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976) (holding that .45 pistol used in robbery but later found without firing pin constituted a deadly weapon); *Parra v. State*, 935 S.W.2d 862, 866 (Tex. App.— Texarkana 1996, pet. ref'd) (holding a firearm is a deadly weapon per se). A firearm is also defined in other parts of the penal code. *See* TEX. PENAL CODE ANN. § 46.04 ("'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device

4

readily convertible to that use."); *Cuellar v. State*, 70 S.W.3d 815, 829 (Tex. Crim. App. 2002) (noting that hunting rifle considered a firearm pursuant to § 46.04).

In *Boston v. State*, a defendant's conviction for aggravated robbery using a deadly weapon was affirmed even though the convenience store clerk never saw the firearm that he displayed. 410 S.W.3d 321, 325–26 (Tex. Crim. App. 2012). In *Price v. State*, two convenience store clerks testified that robbers threatened them with a gun. 227 S.W.3d 264, 267 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd). The jury convicted the defendants of aggravated robbery and made a deadly weapon finding that was affirmed on appeal. *Id*. The *Price* Court concluded, "that a jury could have found beyond a reasonable doubt that the 'gun' which appellant used and exhibited during the commission of the robbery was a firearm." *Id.*; *see Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi–Edinburg 1988, pet. ref'd); *see also Adame v. State*, Nos. 13-11-00410-CR, 13-11-00411-CR, 2012 WL 3134248, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 2, 2012, no pet.) (mem. op., not designated for publication) (affirming deadly weapon finding based upon witness's testimony that she saw gun barrel and it "looked like" a Glock).

## C.    Discussion

Mendez admitted conduct that qualifies as aggravated robbery under the statute by intentionally or knowingly placing Teague in fear of imminent bodily harm to obtain control of property in Teague's possession. *See Boston*, 410 S.W.3d at 325–26. Under the *Jackson* standard, the fact finder is given the discretion to resolve any conflicting facts or inferences, but in this case none of the facts conflict regarding the hunting rifle. A

hunting rifle qualifies as a firearm pursuant to §§ 1.07(a)(17), 46.01. TEX. PENAL CODE ANN. §§ 1.07(a)(17), 46.01. Mendez does not contest his use of the hunting rife and Teague testified that she feared for her life. Because the trial court as fact finder heard the testimony and was the sole judge of the weight and credibility of the evidence, we hold that the trial court's finding is sufficient to support the deadly weapon finding. *See Benavides*, 763 S.W.2d at 589.

We overrule Mendez's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
22nd day of August, 2019.