NO. 07-03-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2004

_____

DELBERT LEE BURKETT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 03-05-03402-CR; HON. JOANN OTTIS, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Delbert Lee Burkett challenges his conviction for indecency with a child by contending that 1) the evidence was legally and factually insufficient to support his conviction, 2) the trial court erred in failing to rule on his objection to the State's closing argument in which the prosecutor injected himself as a witness and correct the prejudicial

effect of that and other argument, and 3) he received ineffective assistance of counsel. We affirm the judgment of the trial court.

## *Background*

On August 6, 2002, at approximately 6:30 p.m., 12-year-old A.P. was riding her bicycle to her friend's house. A Cadillac came around the corner towards her and stopped. A man got out of the car but left the engine on. He stepped to the middle of the road, unbuckled his belt, dropped his pants, and pulled down his underwear. Appellant then began masturbating. As A.P. rode by, he reached out his arm to her and touched her on the arm. She swerved, dropped her bicycle in a ditch near her friend's house, ran to the house, and beat on the door.

A.P. told her friend's mother, Sandy Steede, about the incident. Sandy called 911 and also called her husband Dusty, a former police officer, who was driving home. Sandy gave him a description of the man and vehicle as she had learned it from A.P. Shortly thereafter, Dusty observed a Cadillac with a driver matching the description given him, followed it to a store, and recorded its license plate number. So too did he see appellant, who appeared to him to be "very nervous." Appellant apparently spied Dusty because when he left the store in the Cadillac, he was "[s]pinning his tires and watching [Dusty], turning around and looking." Dusty pursued him and witnessed appellant reach speeds of 80 to 90 miles an hour and run a stop sign before ending the pursuit.

The license plate number was used by police to trace the vehicle to Robert Vincent. However, Vincent had given the vehicle to appellant.

### *Issue One - Legal and Factual Sufficiency*

In his first two issues, appellant attacks the legal and factual sufficiency of the evidence supporting his conviction. He intimates it was not enough to establish that he was the individual standing in the street that day. We overrule the issue.

*Standard of Review*

The applicable standards of review are well settled and fully discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the parties to those opinions rather than discuss the standards here.

*Application of Standards*

As to the claim of legal sufficiency, A.P. (a 12-year-old girl) testified at trial that appellant was the person who dropped his pants, exposed his genitalia, masturbated, and reached for her. That is some evidence upon which a rationale factfinder could conclude, beyond reasonable doubt, that appellant was the one who committed the criminal act.

As to the claim of factual insufficiency, appellant suggests that there was no physical evidence linking him to the offense, but only the testimony of A.P. Furthermore, because there were differences between A.P.'s original statement to police and her testimony at trial, the evidence does not support his conviction.[1] Yet, contradictions or conflicts in testimony do not destroy its sufficiency or otherwise render it non-probative; instead, they

---

[1]The differences consisted of A.P. testifying at trial that she did not tell anyone originally that appellant had a mustache, a tattoo on his arm, that his penis was out, or that the man was masturbating. As to the omission regarding appellant's masturbation, she said that she did not originally tell police because she did not know how to describe it and because she was embarrassed by it.

may simply affect its weight or the witness' credibility. *Jimenez v. State,* 67 S.W.3d 493, 505 (Tex. App.–Corpus Christi 2002, pet. ref'd). And, the extent to which the factfinder credits either the evidence or the witness is a matter lying solely within the discretion of the factfinder. *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).

Given A.P.'s testimony identifying appellant as the culprit, Dusty's testimony identifying appellant as the individual who drove the Cadillac, and the testimony describing appellant's attempt to evade Dusty, we cannot say that the verdict is so against the great weight of all the evidence as to render it unjust. Nor can we say that the sum of all the evidence makes weak that evidence supporting conviction. A jury could well have decided that a 12-year-old girl alone on a street when accosted by an adult may not take the time to memorize all physical characteristics of her assailant or may omit to inform others of certain characteristics in the heat of the moment. Again, it lay within the jury's province to decide what weight, if any, to accord the evidence presented by the State.

In sum, the evidence supporting the verdict is both legally and factually sufficient. Additionally, we reject appellant's argument to the contrary.

### *Issues Two and Three - Improper Closing Argument*

In issues two and three, appellant complains about two aspects of the State's jury argument. The first involves the prosecutor's supposed attempt to inject himself as a witness into the case while the second concerns his purported effort to mislead the jury. We overrule both issues.

As for the first complaint, the prosecutor indicated during his closing statement that A.P. was being truthful because he had personally spoken with her. Appellant objected, and the trial court directed the State to "avoid this area." Rather than comply, the

4

prosecutor returned to his argument by again informing the jury that he had spoken with the girl. So too was he about to reveal what she told him when appellant again complained. In response, the trial court told the prosecutor he could "state what [he] heard from the witness stand." At that point, the prosecutor began to reiterate what the victim said while testifying at trial.

We note that appellant initially contends that the trial court failed to rule on his objections. In making this argument, however, appellant says nothing about why the directives to "avoid this area" and to limit his comments to what the child said from the witness stand do not constitute rulings. This omission is of import because authority clearly recognizes that a judge may impliedly rule upon an objection. *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995). Moreover, such occurs when the court's actions or statement unquestionably indicate a ruling. *Id.* Here, telling the prosecutor to "avoid this area" and to restrict his comment to what the child said from the witness stand unquestionably indicates that the prosecutor was to stop doing that which he attempted. Moreover, these directives came in response to appellant's objections. Thus, we conclude that while the trial judge may not have used the words "sustained" or "overruled," he, nonetheless, impliedly sustained the objections.

Next, to the extent appellant suggests that the trial court erred in ameliorating the prejudicial effect of these and other comments made by the prosecutor, we note that he asked the court to neither instruct the jury to disregard them nor grant a mistrial. Authority holds that to preserve error involving prosecutorial misconduct, such as improper jury argument, the complainant must not only object but also request an instruction to disregard and move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App.), *cert.*

5

*denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Since appellant sought neither an instruction to disregard or a mistrial, any error arising from the prosecutor's attempt to become a witness and reiterate what the child told him was not preserved.

The same is true with the complaint regarding the prosecutor's alleged attempt to mislead the jury. The trial court sustained the objection, and appellant solicited no further relief. By neglecting to do so, he did not preserve his complaint. *Id.*

### *Issue Four - Ineffective Assistance of Counsel*

Through his final issue, appellant contends that he received ineffective assistance of counsel with respect to the preparation of the jury charge. The ineffectiveness purportedly concerned the lesser-included offense of indecent exposure. While the lesser offense was included in the jury charge, counsel allegedly failed to object to 1) the lack of a definition for "reckless," 2) the characterization of the offense as a class B misdemeanor, and 3) the omission of an instruction requiring the jury to give appellant "the 'benefit of the doubt' if [it] cannot decide which offense" he committed. This allegedly evinced ineffectiveness on the part of counsel. We overrule the issue.

*Standard of Review*

The standard of review requires appellant to prove by a preponderance of the evidence not only that counsel's representation fell below the objective standard of professional norms but also that it prejudiced his defense. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To satisfy the latter prong, it must be shown that there existed a reasonable probability that but for the misconduct, the result would have been different. *Id.* And, this occurs when the circumstances undermine our confidence in the outcome. *Id.*

6

*Application of Standard*

Appellant neither cited authority nor proffered explanation illustrating why it was error for his counsel to withhold objection about 1) the characterization of the offense as a class B misdemeanor or 2) the missing "benefit of the doubt" instruction. This may be because 1) indecent exposure is a Class B misdemeanor, TEX. PEN. CODE ANN. §21.08 (b) (Vernon 2003), and 2) a trial court need not give a "benefit of the doubt" instruction when the charge, as here, instructs the jury that, if it is not convinced beyond a reasonable doubt that appellant is guilty of the greater offense, it should acquit him of that offense and then consider his guilt for the lesser one. *Benavides v. State,* 763 S.W.2d 587, 589 (Tex. App.– Corpus Christi 1988, pet. ref'd). Given this, we cannot say that these complaints establish deficient performance on the part of trial counsel.

As to the definition of "reckless," appellant makes no effort to explain how or if the verdict would have differed had the definition been given.[2] He simply concludes that the omission was harmful, denied him a fair trial, and undermined the confidence in the verdict. Again, his burden was to establish how the supposed error hurt him, not simply conclude that it did. This neglect coupled with the rather overwhelming evidence of appellant's guilt for indecency with a child requires us to reject his claim of ineffective assistance. *See Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000) (holding that because appellant made "no effort to prove the prejudice prong" he was not entitled to relief).

Having overruled each of appellant's arguments, we affirm the judgment.

_____

[2] Indeed, this same deficiency encompasses each item of misconduct about which appellant complains in issue 4. Thus, all are subject to rejection on this basis.

7

Do not publish.